**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 1 1 2011 ★

**BROOKLYN OFFICE**

---

Diana Gonnelly,

                 Plaintiff,

   v.

Sunrise Credit Services, Inc.; and
DOES 1-10, inclusive,

               Defendants.

: Civil Action No.: _____
:
:
:
: **COMPLAINT**
:
:
:
:

**CV 11 - 0716**

**SUMMONS ISSUED**

**IRIZARRY, J.**

**POHORELSKY, M.J.**

---

For this Complaint, the Plaintiff, Diana Gonnelly, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.    The Plaintiff, Diana Gonnelly ("Plaintiff"), is an adult individual residing in Miami, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Sunrise Credit Services, Inc. ("Sunrise"), is a New York business

entity with an address of 260 Airport Plaza, Farmingdale, New York 11735-3946, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.  Does 1-10 (the "Collectors") are individual collectors employed by Sunrise and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  Sunrise at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.  The Plaintiff incurred a financial obligation (the "Debt") to T-Mobile (the "Creditor").

9.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.  The Debt was purchased, assigned or transferred to Sunrise for collection, or Sunrise was employed by the Creditor to collect the Debt.

11.  The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Sunrise Engages in Harassment and Abusive Tactics

12.  Plaintiff canceled her cellular phone account with T-Mobile and requested that they send her a letter with a billing plan. T-Mobile failed to do so and eventually transferred the Debt to Defendants for collection.

13.  Defendants placed numerous calls to Plaintiff's cellular phone line in an attempt

2

13.    Defendants placed numerous calls to Plaintiff's cellular phone line in an attempt to collect the Debt. Plaintiff contacted Defendants and informed them that she had been trying to resolve the matter with T-Mobile, but never received a response from them. Defendants assured Plaintiff that they would contact T-Mobile and inquire with them about the Debt.

14.    Upon having received a message from Dianne Miller, an individual collector for Defendants, Plaintiff returned her call and explained that the Defendants could speak with Plaintiff's boyfriend who would handle the matter.

15.    In a phone conversation on December 22, 2010 Ms. Miller demanded that Plaintiff's boyfriend pay the Debt in its entirety. Ms. Miller falsely stated that Plaintiff had agreed to enter into a payment plan with the Defendants.

16.    Ms. Miller then spoke with the Plaintiff and called her "irresponsible" and said "this is just a matter of you being lazy."

17.    On many occasions during telephone calls Defendants failed to identify themselves to Plaintiff and failed to state that the phone calls were an attempt to collect the debt and that everything the Plaintiff said would be used for that purpose.

## C. **Plaintiff Suffered Actual Damages**

18.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

3

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

22.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

26.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

28.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

29.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of

4

Article 22A of the General Business Law of the State of New York, NY GBL § 349.

30.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

31.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

32.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

5

6.  Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 24, 2011

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiff

6